[No. 16866.   Department One.   April 27, 1922.]

GREAT NORTHERN CONSTRUCTION COMPANY, *Respondent,*
v. H. H. GULSTINE, *Appellant.*[1]

CONTRACTS (151)—PERFORMANCE—DELAY—WAIVER. Findings upon the conflicting statements of the parties to a building contract that a delay was waived on account of a strike, are supported where .plaintiff's evidence was corroborated by one of defendant's witnesses and by the fact that defendant expressed sympathy with the strike.

SAME (159)—RIGHTS ON PARTIAL PERFORMANCE. Where the parties to a building contract agreed that another contractor should remedy defects in placing the windows, at the expense of the contractor, the amount paid therefor fixes the limits of the contractor's liability for his failure of performance.

COSTS (80)—ON APPEAL—UNNECESSARY MATTER — IMPROPER ABSTRACT. Where the transcript consisted of but 166 pages, costs will not be allowed for an abstract of over 100 pages made up almost exclusively of question and answer, as the same is not a substantial compliance with the rule.

Appeal from a judgment of the superior court for King county, Tallman, J., entered June 25, 1921, upon findings in favor of the plaintiff, in an action on contract, tried to the court. Modified.

*S. A. Keenan,* for appellant.

*John F. Dore,* for respondent.

MITCHELL, J.—The Great Northern Construction Company, a corporation, entered into a written contract with H. H. Gulstine by which it agreed to construct a business building for him in the city of Seattle in consideration of the sum of $37,000. The construction company was paid certain amounts on the contract, and this suit was brought to recover the balance. The defendant denied there was anything remaining

[1]Reported in 206 Pac. 356.

unpaid, and affirmatively set up a cross-complaint consisting of counterclaims for a considerable amount alleged to be due him growing out of the transaction. The affirmative matter was denied by a reply. The trial resulted in findings of $1,710.81 unpaid balance due the plaintiff, and $673.75 due the defendant on one of his counterclaims, leaving $1,132.43 still due the plaintiff, in which amount judgment was entered against the defendant. The defendant has appealed.

The contract was entered into on August 15, 1919. It provided the building should be completed, ready for the occupancy of a contract tenant, by January 1, 1920, at the risk of $20 a day as stipulated damages beyond that date. The principal controversy in the case arises over the complaint of the appellant in the sum of $1,200 as damages because the building was not completed and suitable for occupancy until sixty days after the limit fixed in the contract. The respondent admits the delay but answers by averments and proof that, a few days after the contract was made, a strike occurred, that the appellant advised and directed the respondent to delay the building until the strike was settled and that he would waive any claim of demurrage under the terms of the contract. The trial court found in favor of the respondent upon this issue and that it was the cause of the delay of sixty days. The finding is questioned by the appellant. It was denied by him in his testimony, but positively affirmed by the testimony of two of the officers of the respondent corporation, who were corroborated by the testimony of one of appellant's witnesses to whom the appellant expressed decided sympathy against the strikers' cause. In passing on the weight of the evidence on this controverted issue of facts, the trial judge remarked upon his belief in the story told on behalf of the respondent.

The record satisfies us the issue and finding of the trial court on the subject are supported by a preponderance of the evidence.

The trial court found that appellant had paid only $35,193.82 on the contract price. We do not so find. The record clearly shows by respondent's admissions and by appellant's proof that $35,289.19 had been paid on the contract at the time the action was commenced.

The court found that, because of defective construction or improper placing of the windows in the building, the appellant had been compelled to pay out for necessary alterations and repairs the sum of $673.75. It is contended by the appellant, and proof over the objection of the respondent probably shows, that the windows are not yet suitably installed and that it would require a large amount to make them so, for which he is entitled to recover. But the court has found, and we think correctly so, that the $673.75 already allowed must satisfy the appellant in this respect, for the reason that, with the consent of the respondent, the contractor, the appellant arranged with another contractor that he do whatever was thought necessary to put the windows in suitable condition at the expense of the respondent, which was done by the appellant, with the result of the charge already allowed in that behalf.

The contract and specifications required the elevator shaft to be lined with metal and a wall of brick between the boiler and storage room in the basement. These things were omitted and the undisputed proof shows the reasonable cost of them would be $114 and $87.50, respectively. These items should have been allowed the appellant.

We conclude, in restating the account, the respondent is entitled to recover the sum of $1,710.81, from which

deduct $673.75 expended by appellant in repairing the windows, $114 cost of metal lining for the elevator shaft, and $87.50 cost of a brick wall between the boiler and storage room.

The cause is remanded with directions to the trial court to modify the judgment accordingly.

The appellant will not recover costs for the abstract of the record prepared on his behalf. The statement of facts contains only one hundred and sixty-six pages, while the abstract consists of over one hundred pages made up almost exclusively of the evidence by questions and answers just as they appear in the statement of facts. It is not a substantial compliance with the spirit and purpose of the rule requiring an abstract.

PARKER, C. J., FULLERTON, HOVEY, and HOLCOMB, JJ., concur.